**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 24-cv-387**

| | |
|---|---|
| David Deeg,<br><br>Plaintiff,<br>v.<br><br>Bank of America, National Association,<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, David Deeg ("Plaintiff") alleges the following upon information and belief, except for those allegations about Plaintiff, which are based on personal knowledge:

## INTRODUCTION

1. This action originates from Defendant's wrongful conversion of Plaintiff's property.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to grant the relief sought by Plaintiff under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists.
3. Plaintiff is a citizen, residing in White Bear Lake, Minnesota.
4. Defendant is a corporation existing under the laws of the State of North Carolina.
5. Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. §§ 1391(b) because Defendant, at all times herein mentioned,

was doing business in the State of Minnesota, and a substantial part of the events giving rise to the claim occurred in this jurisdiction.

**PARTIES**

6. David Deeg is an adult citizen residing in White Bear Lake, Ramsey County, Minnesota.

7. Defendant Bank of America N.A. (hereinafter "Defendant BOA") is a national bank that conducts business in the State of Minnesota. Defendant BOA has a principal place of business located at 100 N. Tryon St., Suite 170, Charlotte, NC 28202.

**STATEMENT OF FACTS**

8. On or about May 8, 2023, a fraudster contacted the plaintiff pretending to be with the United States Department of Treasury. *See* attached Exhibit A.

9. The fraudster(s) stated that Plaintiff was being investigated for money laundering and needed to pay the Department of Treasury $97,272.00, or else Plaintiff would go to jail and would lose his social security payments.

10. Plaintiff being in a vulnerable position went to his credit union, St. Paul Federal Credit Union, and proceeded to wire the enormous amount of money $97,272.00 to the fraudsters and their bank account at Defendant, Account number 325127245481.

11. The name of the account was Empireland Realtors LLC.

12. The fraudsters told Plaintiff he was not allowed to tell anyone, including his bank, the St. Paul Federal Credit Union, about the wire transfer.

13. The plaintiff provided the fraudsters with confirmation of the wire transfer and included a copy of his driver's license.

14. Plaintiff was then contacted by a representative, Lacey Evans, from the advocacy group, AVAH Outreach Group, who explained to Plaintiff that she believed that he had been defrauded and he needed to stop the wire transfer and contact the police.
15. Ms. Evans also was in contact with the White Bear Police Department and stated that the group that was targeting the Plaintiff was based out of India.
16. Plaintiff met with Officer Marc Verrill of the White Bear Police Department and filed a police report, Case WBPD-23005770 on May 8, 2023.
17. Plaintiff the next day May 9, 2023, went to his credit union (St. Paul Federal Credit Union) and submitted the paperwork (including a hold harmless agreement) to stop the wire transfer and Defendant was put on notice that day.
18. White Bear Police Department contacted the Defendant on May 31, 2023, through phone number 1-800-900-9044.
19. Defendant explained to White Bear Lake Police that the funds that were stolen were being held and they were working with Plaintiff's credit union to send the paperwork and return his funds.
20. At that time Defendant acknowledged and promised that they would not release the funds and they would be preserved for Plaintiff.
21. Defendant also stated that their internal fraud department was investigating the account where Plaintiff's money was being wired into and that the account was shut down and the money was being held and it should be returned to Plaintiff within thirty to sixty days.

22. Plaintiff and his sister Barbara Proulx contacted Defendant in early June and also his credit union and were told that they were working to send Plaintiff's money back to his credit union account.

23. Over the next several months without any communication, update, or information from Defendant or his credit union, Plaintiff continued to attempt contact with Defendant inquiring about the status of the funds that Defendant was holding for him.

24. Plaintiff getting nowhere and without return of his funds from Defendant, he went back to the White Bear Police Department on October 25, 2023, and explained that he still had not received a return of Plaintiff's money.

25. Officer Antonio Brown contacted Defendant through their law enforcement support line and was informed that there was a seizure warrant issued on the Empireland account at Defendant's bank after being notified that the funds in the account belonged to Plaintiff.

26. Defendant admitted to White Bear Police Officer Brown that it owed Plaintiff a duty to protect his funds and that it instead had breached the duty and failed to review all the notes/information in its possession and erroneously released Plaintiff's funds to another source other than Plaintiff.

27. Defendant admitted that it erroneously released the funds to the Hay's County Sheriff's Office located in San Marcos, Texas instead of to Plaintiff's Credit Union.

28. On October 26, 2023, Officer Brown was contacted by Defendant employee, Patrick Andrews, who stated that the seizure order was granted to Hay's County Sheriff, Detective Justin Rodgers (HTCO #2023-26779) for the case he was investigating.

29. Despite Plaintiff, his credit union, and White Bear Lake Police Department all contacting and placing Defendant on notice that the funds that were in Defendant's possession were that of Plaintiff, Defendant converted Plaintiff's funds and allowed them to be released on June 22, 2023, to the Hays Sherriff's Department.
30. The amount of the check that Hays Sheriff's Department received was $97,676, which was the remainder of the funds in the Empireland account and almost identical to the funds that Plaintiff had wired.
31. After this call ended, Officer Brown contacted the Defendant again and spoke with the Defendant's employee, Cass. Defendant's agent, Cass stated that there was a note in the case file to have a case manager contact Officer Brown and discuss the situation and what the Plaintiff could do to get his money returned.
32. The Defendant's case manager never contacted Officer Brown presumably because Defendant had converted Plaintiff's funds.
33. Plaintiff has continued to contact Defendant but to date has not received the return of his money.
34. To date Defendant has refused to respond to contact from White Bear Lake Police Department concerning Plaintiff's money.
35. To date, Defendant has refused to return Plaintiff's funds to him of $97,272.00.
36. Defendant has been put on notice since May 8th of 2023 that it needed to return Plaintiff's funds.
37. Defendant has therefore converted Plaintiff's approximately $97,272.

**TRIAL BY JURY**

38. The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

**CAUSES OF ACTION**

**COUNT I.**
**CONVERSION or alternatively NEGLIGENCE**

39. All allegations prior to Count I are realleged and are incorporated herein by reference.

40. Plaintiff brings this claim under the laws of Minnesota.

41. By its conduct, Defendant has converted and/or misappropriated funds belonging to Plaintiff in the amount of $97,272.00.

42. Plaintiff has and has a possessory interest in the converted funds.

43. Defendant intentionally interfered with that possession when they willfully and knowingly refused to return Plaintiff's money.

44. As such, in Defendant's collection of Plaintiff's funds, Defendant has misappropriated the funds of Plaintiff without his consent.

45. Defendant's conduct in refusing to issue and/or return Plaintiff's money is the legal cause of the loss of his funds.

46. Defendant has the knowledge and information that the money was fraudulently received by Defendant.

47. The Defendant's conduct was intentional, wrongful, and outrageous.

48. Alternatively, if Defendant's refusal to return Plaintiff's money was not deliberate, it was the result of Defendant's recklessness and gross neglect, and Defendant's failure

to return the funds to the rightful owner, Plaintiff, after Defendant was notified of the impermissible wire transfer was intentional, wrongful, and outrageous.

49. This conversion and misappropriation of funds benefitted and continues to benefit Defendant while acting to the severe pecuniary disadvantage of Plaintiff.

50. Defendant's retention of the funds after Plaintiff's request for its return constitutes conversion because Defendant has intentionally exercised dominion and control over Plaintiff's money that so seriously interferes with Plaintiff's right to its possession that Defendant should be required to pay Plaintiff the full value of the $97,272. In the alternative, it would be unjust to allow the defendant to retain the benefit of the $97,272 when it is not legally entitled to that money.

51. Accordingly, Plaintiff is entitled to recover damages, interest, and punitive damages.

52. WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendant, awarding Plaintiff economic damages for $97,272, plus reasonable attorney fees paid by Plaintiff to his counsel and continuing to be paid plus Plaintiff's costs and disbursements incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court award relief against Defendant as follows:

- Awarding Plaintiff actual out-of-pocket loss and potentially punitive damages; and
- For such other relief as the Court may deem necessary or appropriate.

## ACKNOWLEDGMENT

The plaintiff asserts these claims in good faith and acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party as provided by Minnesota Statutes Section 549.211, subd. 2 (1994).

Dated this 2nd day of February 2024.

Respectfully submitted,

By: s/Thomas J Lyons Jr
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
Carter B. Lyons, Esq.
Attorney I.D. #: 403655
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

***ATTORNEYS FOR PLAINTIFF***

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, David Deeg, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all the facts contained in it are true to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 2nd day of February 2024.

s/David Deeg
David Deeg